UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AARON ROBINSON,

                        Plaintiff,

    -against-                               MEMORANDUM DECISION
                                              AND ORDER

                                              12 Civ. 5382 (GBD) (FM)

HONORABLE JUDGE EDGAR G. WALKER,
et al,

                      Defendants.

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Aaron Robinson brought this action under, inter alia, 42 U.S.C. § 1983 against a number members of New York's criminal justice system (police officers, prosecutors, judges, and the New York State Attorney General) who were involved in prosecuting him for violations stemming from a traffic stop in 2010. Plaintiff filed this action on July 31, 2012. On September 7, 2012, this Court dismissed the defendants who were involved as prosecutors and judges, sua sponte, on the grounds that those defendants were absolutely immune from suit for acts performed in the course of their official duties and dismissed the New York State Attorney General on the grounds of sovereign immunity. ECF No. 9. In that order, the Court also directed Plaintiff to serve the two remaining defendants (the police officers involved in his arrest). The pro se office mailed plaintiff a service package with copies of the summonses and instructions on how to serve them on September 13, 2013.

    Plaintiff failed to effect service on either of the remaining defendants. Magistrate Judge Maas, to whom this case was referred for general pretrial supervision and dispositive motions,

issued an order on February 5, 2013, instructing the Plaintiff to return completed USM-285 forms to the U.S. Marshall Service so that it could serve the remaining defendants. He directed the pro se office to send the Plaintiff another service package, and warned the Plaintiff that this case would be subject to dismissal for failure to timely effect service if Plaintiff did not return completed USM-285 forms by March 11, 2013. Plaintiff neither served any defendant, nor returned the USM-285 forms to the Marshalls. On May 14, 2013, Magistrate Judge Maas issued a Report and Recommendation, recommending that this action be dismissed without prejudice.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Maas advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), failure to file timely objections to the Report would result in

waiver of objections and preclude appellate review. No party objected to the report. As there is no clear error on the face of the record, this Court adopts the Report.

Magistrate Judge Maas properly determined that Plaintiff's complaint should be dismissed without prejudice for failure to comply with his February 5, 2013 Order, and for failing to serve defendants within 120 days of the filing of the complaint pursuant to Fed. R. Civ. P. 4(m). Plaintiff was warned that failure to serve defendants could result in dismissal, was given an extension of time to serve defendants <u>sua sponte</u>, and has had ten months (more than twice the time frame contemplated by Fed. R. Civ. P. 4(m) to do so.

## Conclusion

Plaintiff's complaint is DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

Dated: June 3, 2013
       New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge